Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 172 | **DATE** | 11/6/2001 |
| **CASE TITLE** | Jan Cooper et al vs. U.S.P.S. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For all the reasons stated above, defendants' motion [18-1] to dismiss Count I and II is granted. This case is hereby terminated, and all other pending motions are deemed moot by this order. This is a final and appealable order. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 1 4 2001 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| ✓ | Docketing to mail notices. | | IS | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | JT NOV 13 AM 8:35 | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 1 4 2001

JAN COOPER,　　　　　　　　　　　　　　)
TIMOTHY HAGEDORN,　　　　　　　　　)
and HARRY LYONS, individually　　　　　)
and on behalf of all others similarly　　　　)
situated,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiffs,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　　)　　No. 00 C 0172
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Wayne R. Andersen
UNITED STATES POSTAL SERVICE　　　　)　　District Judge
and WILLIAM HENDERSON　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　　　)

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion by defendants, the United States Postal Service and William Henderson, Postmaster General, to dismiss plaintiffs' complaint pursuant to Fed.R.Civ.P.12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs, Jan Cooper, Timothy Hagedorn, and Harry Lyons have filed a two count complaint on behalf of themselves and all others similarly situated alleging both unjust enrichment and a violation of the Law Enforcement Availability Pay Act, 5 U.S.C. § 5545a. For the following reasons, we grant the motion to dismiss.

## BACKGROUND

The following facts are taken from plaintiffs' complaint and are presumed to be true for purposes of this motion. Plaintiffs were postal inspectors within the United States



Postal Inspection Service during the relevant period of September 30, 1995 to October 1, 1996. Prior to September 30, 1995, Postal Inspectors worked an average of fifty hours per week. At that time, Postal Inspectors were paid their base salary plus a premium pay at a rate of 13.5 percent of their base salary.

In 1994, Congress enacted the Law Enforcement Availability Pay Act ("LEAP"), 5 U.S.C. § 5545a, providing criminal investigators with availability pay equaling twenty-five percent of the rate of basic pay. LEAP was intended to compensate the criminal investigators for being available beyond a normal forty hour work week. This amendment became effective on September 30, 1994 with the provision that "criminal investigators employed in Offices of Inspector General ("OIG") were to receive twenty-five percent availability pay by September 30, 1995." 5 U.S.C. 5545a. Plaintiffs argue that they were employed by the Office of Inspector General for the United States Postal Service ("USPS") and are entitled to availability pay beginning on September 30, 1995.

LEAP was intended for criminal investigators, including law enforcement officers, whose position was primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States. See 5 U.S.C. § 8331 (20). Plaintiffs allege that as of the effective date of the Act, approximately 2,200 Postal Inspectors were employed as criminal investigators throughout the United States conducting criminal investigations, performing audits, serving warrants and subpoenas, making arrests, and presenting evidence to prosecutors for criminal and civil actions. In fact, many in the judicial and law enforcement communities have come to believe that postal inspectors are the most effective criminal investigators in this

2

country. Prior to September 1996, the Inspector General for the USPS also held the position of Chief Postal Inspector. In 1996, the Inspector General Act was amended to separate the positions and appoint a distinct Inspector General. 5 U.S.C. Appx. § 8G.

Plaintiffs, and members of the putative class, did not receive availability pay until October 1, 1996. Thus, plaintiffs claim that the Postal Service owes them the difference between the 25 percent increase and the 13.5 percent premium pay in effect from September 30, 1995 through October 1, 1996. The loss of 11.5 percent in wages during the relevant period was, on average, in excess of $ 5,000 for each individual class member. In addition, plaintiffs claim that this alleged failure to compensate them properly affected the retirement benefits of class members, whose retirement benefits were based on the average of their three highest consecutive years of income.

## DISCUSSION

### I. Subject Matter Jurisdiction

Plaintiffs' basis for subject matter jurisdiction is 5 U.S.C. § 5545a. Therefore, the basis for jurisdiction necessarily relies upon the merits of the claim. "When both the subject matter jurisdiction of the federal court and the substantive claim for relief are based on a federal statute, dismissal for lack of subject matter jurisdiction is proper only when the allegations of the complaint are frivolous." Health Cost Controls v. Skinner, 44 F.3d 535 (7th Cir. 1995). See also Malak v. Associated Physicians, Inc., 784 F.2d 277, 279-80 (7th Cir. 1986). The merits of the present case rely heavily on this Court's interpretation of § 5545a and, thus, jurisdiction relies on the interpretation of this statute as well. Courts have noted:

If a federal statute upon which a claim is premised is interpreted to be inapplicable, it could be argued that the plaintiff has failed to present a federal question and thus subject matter jurisdiction is absent. However the courts have uniformly held that in such instances the preferable practice is to assume that jurisdiction exists and proceed to determine the merits of the claim pursuant to [Rule 12(b)(6) or Rule 56]. 2A James W. Moore et al., Moore's Federal Practice ¶ 12.07[2.-1] (2nd ed. 1994). Thus, if a plaintiff fails to properly allege a claim for relief brought under a federal statute, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) rather than Rule 12(b)(1).

Health Cost Controls, 44 F.3d at 537; see also Romero v. International Terminal Operating Co., 358 U.S. 354, 359 (1959).

Therefore, this court will assume jurisdiction and proceed to determine the merits of the case pursuant to Fed.R.Civ.P. 12(b)(6).

II. Failure to State a Claim

A. Legal Standards

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts alleged in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir.1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). When a claim is premised upon a federal statute that is inapplicable, the court may properly dismiss it for

4

failing to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12 (b)(6). Health Cost Controls, 44 F.3d at 536-37.

### B. 5 U.S.C. § 5545a Does Not Apply To The Postal Service

The issue in this case is whether LEAP, 5 U.S.C. § 5545a, obligated the Postal Service to pay its inspectors availability pay equivalent to 25 percent of their base pay between September 30, 1995 and October 1, 1996.

"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992). When interpreting a statute, courts must construe each provision in context with every other section and "must consider other statutes addressing the same subject." U.S. Fire Ins. Co. v. Barker Car Rental, 132 F.3d 1153, 1157 (7th Cir. 1997).

#### 1. The Plain Language Of Title 5 Indicates That § 5545a Does Not Apply To The Postal Inspection Service

5 U.S.C. § 5545a, upon which plaintiffs base their claim, is a federal law dealing with employees. Specifically, 5 U.S.C. § 5545a provides for availability pay equaling 25 percent of the rate of basic pay for the position for "criminal investigators." This provision became effective on September 30, 1994, with the exception that "criminal investigators" employed in Offices of Inspectors General were to receive the 25 percent availability pay by September 30, 1995. 5 U.S.C. § 5545a.

Significantly, § 5545a makes no reference to the Postal Service or its Inspectors. Moreover, a "criminal investigator," for purposes of § 5545a, means a "law enforcement officer as defined under section 5541(3)" who is required to possess certain knowledge and skills enumerated in the provision. 5 U.S.C. § 5545a(A)(2). Section 5541, in turn, defines a "law enforcement officer," in part, as an "employee." An "employee" is further defined by § 5541 as an employee in or under an "Executive agency," the District of Columbia, the judicial branch, the Library of Congress, the Botanic Garden and the Office of the Architect of the Capitol. Finally, an "Executive agency" is defined by 5 U.S.C. § 105 as "an Executive department, a Government corporation, and an independent establishment." While the Postal Service is generally considered an independent establishment of the Executive branch, 5 U.S.C. § 104 specifically excludes the Postal Service from the definition of an "independent establishment" for purposes of Title 5. 5 U.S.C. § 104. See also Kane v. Merit Systems Protection Board, 210 F.3d 1379, 1381 (Fed. Cir. 2000). Consequently, by definition, "criminal investigators" under § 5545a do not include employees of the Postal Service, such as Postal Inspectors.

Plaintiffs claim that Postal Inspectors should be deemed "criminal investigators, employed in the Offices of Inspectors General" under § 5545a because, prior to September 30, 1996, the Inspector General Act provided that the Chief Postal Inspector shall also hold the position of Inspector General of the Postal Service. 5 U.S.C. Appx § 8G. However, this does not alter the clear definition of the term "criminal investigators" as used in § 5545a which, in turn, expressly excludes Postal employees.

Moreover, as further evidence that Postal employees are not covered by LEAP, 5 U.S.C. § 2105(e) provides that "[e]xcept as otherwise provided by law, an employee of the United States Postal Service or of the Postal Rate Commission is deemed not an employee for purposes of this title." LEAP, 5 U.S.C. § 5545a, is part of "this title" and is, therefore, expressly inapplicable to the Postal Service except as otherwise provided. Bartlomain v. United States, 30 Fed. Cl. 192 (Fed. Cl. 1993) (holding that the Annual Sick Leave Act, 5 U.S.C. § 6301 et seq., does not apply to Postal Service employees).

For all of these reasons, § 5545a speaks with clarity on the issue of who is covered by its provisions because it provides a definition, by reference, for "criminal investigators." Therefore, we find that, on its face, § 5545a does not apply to the Postal Service or its Inspectors.

### 2. When Read In Conjunction With Other Statutes, It Is Clear Congress Did Not Intend For 5 U.S.C. § 5545a To Apply To The Postal Service

In 1970, Congress passed the Postal Reorganization Act ("PRA") which established the Postal Service as an independent establishment of the Executive branch of the Government of the United States, replacing the old U.S. Post Office Department effective July 1, 1971. In passing the PRA, Congress intended to create a more business-like entity that is not constrained by the laws and regulations that apply to other federal agencies. Specifically, the express language of the PRA provides that:

[e]xcept as provided by subsection (b) of this section, and except as otherwise provided in this title . . ., no Federal law dealing with public or Federal . . . works, officers, employees, budgets, or funds including the provisions of chapters 5 and 7 of title 5, . . . shall apply to the exercise of the powers of the Postal Service.

7

39 U.S.C. § 410(a).

Until September 30, 1996–which immediately follows the period of time complained of by plaintiffs herein–there was nothing in either section 410(b) or any other provision of title 39 that limited or, in any other way, affected the Postal Service's ability to compensate its Postal Inspectors. Chapter 5 of Title 5, which includes 5 U.S.C. § 5545a, was therefore explicitly not applicable to the Postal Service pursuant to 39 U.S.C. § 410(a).

Specifically, prior to September 30, 1996, the PRA provided that "[e]xcept as provided under chapters 2 and 12 of this title [neither of which is applicable here] . . ., the Postal Service shall classify and fix the compensation and benefits of all officers and employees in the Postal Service." 39 U.S.C. § 1003(a). Furthermore, rather than requiring that Postal employees be compensated in a manner comparable to that of other federal employees, that provision indicated that "[i]t shall be the policy of the Postal Service to maintain compensation and benefits paid for comparable levels of work in the private sector of the economy." 39 U.S.C. § 1003(a).

This provision was the result of the Congressional determination that postal personnel matters in general, and employee compensation matters in particular, should be set by the Postal Service and not by Congress. Sprague v. United States, 230 Ct. Cl. 492, 494-95, 677 F.2d 865 (Ct. Cl. 1982) (overtime provisions set forth in 5 U.S.C. §§ 5541 et seq. are not applicable to the Postal Service, generally, or Postal Inspectors, specifically). In support of this proposition, the Sprague Court cited the report by the

Senate Committee on the Post Office and Civil Service, S. Rep. No. 91-912, 91st Cong., 2d Sess, 2 (1970):

The committee's inquiries and every responsible study show that the Postmaster General is blocked or undercut at every turn by a labyrinth of postal statutes echoing every postal concern, interest, or whim expressed by Congress over a 200-year period. Laws have changed laws and have added to the body of them so that, by accretion, they have multiplied, decade by decade, leaving the Postmaster General bound in his own house. Twist and turn as he may, he cannot function in the public interest as a responsible manager.

Sprague, 230 Ct. Cl. at 495.

This demonstrates that Congress intended that the Postal Service operate under a different and distinct standard than other federal agencies and, specifically, that chapter 5 of title 5 was not made applicable to the Postal Service pursuant to 39 U.S.C. § 410(a).

When two statutes are capable of coexistence, it is the duty of courts, absent clearly expressed congressional intention to the contrary, to regard each as effective and give them simultaneous effect. Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 533 (1995); United States v. Palumbo Bros., Inc., 145 F.3d 850, 865 (7th Cir. 1998), cert. denied, 525 U.S. 949 (1998). Statutes are to be construed, if possible, in harmony with other applicable statutes. Kohler Co. v. Moen, Inc., 12 F.3d 632, 642 (7th Cir. 1993). Consequently, 5 U.S.C. § 5545a should not be interpreted, without clear evidence of legislative intent, to undermine the provisions of 39 U.S.C. §§ 410 and 1003. Rather, § 5545a should be interpreted to apply only to those employees meeting the definition of "criminal investigator" under the statute and not including Postal employees specifically excluded by virtue of other statutory provisions.

9

Moreover, title 5–which includes § 5545a–is a general statute applying to federal employees, whereas the Postal Reorganization Act is a more specific statute as it applies to the Postal Service and its employees. A specific statute is not controlled or nullified by a general statute regardless of priority of enactment, absent clear intention otherwise. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). There is no evidence of such an intention here.

> 3. Subsequent Amendments To The Inspector General Act And The Postal Reorganization Act Provide Further Evidence Of Congress' Intent Not To Apply 5 U.S.C. § 5545a To The Postal Inspection Service

As set forth above, the language in both title 5 and the PRA suggest that Congress did not intend to apply § 5545a to the Postal Inspection Service. Moreover, there is further evidence that Congress did not believe that the Postal Inspection Service was subject to § 5545a by the manner in which it amended the Inspector General Act and the PRA in September, 1996.

Specifically, on September 30, 1996, after the period of time complained of by plaintiffs herein, Congress amended the Inspector General Act as it pertained to the Postal Service. On that date, subsection (f)(1) of § 8G of the Act was amended to provide for the appointment of an Inspector General to the Postal Service, rather than assigning the duties of the Inspector General to the Chief Postal Inspector. 5 U.S.C. Appx § 8G(f)(1).

On that same date, September 30, 1996, the PRA was amended as follows:

(a) Except as provided under chapters 2 and 12 of this title . . ., section 8G of the Inspector General Act of 1978 . . . , the Postal Service shall classify and fix the compensation and benefits of all officers and employees in the Postal Service . . .

(C) Compensation and benefits for all Postal Inspectors shall be maintained on a standard of comparability to the compensation and benefits paid for comparable levels of work in the executive branch of the Government outside the Postal Service.

39 U.S.C. § 1003.

This amendment included two changes. First, for the first time, Congress added a new exception to the Postal Service's ability to fix compensation and benefits for its employees within subsection (a)-namely, section 8G of the Inspector General Act. This is the same section of the Inspector General Act that plaintiffs cite in support of their assertion that 5 U.S.C. § 5545a applied to the Postal Inspection Service effective September 30, 1995. Were plaintiffs correct in their interpretation, however, Congress would have had no reason to amend 39 U.S.C. § 1003(a) in this manner one year later. Rather, Congress did not intend to apply 5 U.S.C. § 5545a to the Postal Inspection Service through the Inspector General Act in 1995, and referenced section 8G only when the Postal Service was required to establish its own Office of Inspector General one year later, also effective September 30, 1996.

Second, also for the first time, Congress added subsection (c), which now requires the Postal Service to provide its Postal Inspectors with compensation and benefits comparable to other workers in the federal sector as opposed to earlier provisions making compensation comparable to the private sector. Indeed, effective two days prior to this amendment, the Postal Service did convert its Postal Inspectors to a pay scale that mirrors the GS pay scale provided to federal criminal investigators, including the payment of 25 percent availability pay. Again, were plaintiffs correct in their interpretation and § 5545a

11

already applied to the Postal Service, it would not have been necessary for Congress to add subsection (c) in 1996. These subsequent changes to § 1003 further demonstrate Congress' intent to address the Postal Inspectors separately rather than to include them in 5 U.S.C. § 5545a.

In construing statutory language, the Court's task is to determine the will of Congress and apply it, and in determining congressional intent, the court looks first to the language of the statute and, if the statutory language is unambiguous, then the court generally need look no further. EEOC v. Sears, Roebuck and Co., 857 F. Supp. 1233, 1237 (N.D. Ill. 1994). It is apparent by the language of the statutes at issue that Congress did not intend to apply 5 U.S.C. § 5545a to the Postal Inspection Service, as evidenced by the definition of a "criminal investigator" found within that provision, the strong language in 39 U.S.C. § 410(a) and the amendments to 39 U.S.C. § 1003, effective September 30, 1996. For these reasons, we find that plaintiffs have failed to state a cause of action for which relief can be granted in Count II of their complaint.

C. Unjust Enrichment Claim

In Count I, Plaintiffs have alleged a cause of action for unjust enrichment. We also dismiss this Count for failure to state a cause of action due to a variety of reasons.

First, plaintiffs' claim of unjust enrichment is based upon their claim that Postal Inspectors should have received availability pay equivalent to 25 percent of their base salary between September 30, 1995 and October 1, 1996 and that, because they did not, the Postal Service "unjustly retained 11.5% in availability pay." This claim is necessarily dependent upon the applicability of 5 U.S.C. § 5545a to the Postal Inspection Service.

For the reasons stated above, 5 U.S.C. §5545a does not apply to the Postal Inspection Service. Thus, plaintiffs cannot prove that defendants unjustly retained a benefit to the plaintiffs' detriment and that defendants' retention of the benefit violates the fundamental principals of justice, equity, and good conscience. Therefore, plaintiffs have failed to establish an independent basis for the Court's subject matter jurisdiction and have failed to state a claim upon which relief can be granted as discussed above.

Second, to the extent that plaintiffs base this claim on a contract theory, plaintiffs have failed to identify any employment contract that governs the instant dispute. Postal Inspectors are not parties to a collective bargaining agreement and, as they serve by appointment, no employment contract can be implied. 39 U.S.C. § 1001(a).

Third, to the extent plaintiffs base this claim on a tort theory, it appears that plaintiffs have failed to exhaust their administrative remedies pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2675 provides that an action shall not be instituted upon a tort claim against the United States unless the claimant shall have first presented the claim to the appropriate federal agency and the claim shall have been finally denied by the agency in writing and sent by certified or registered mail. 39 C.F.R. §§ 912.3 and 912.4 require that a claim against the United States Postal Service under the Federal Tort Claims Act must be presented within two years from the date the claim accrues, and that such claim is to be filed either with the Postmaster of the office in which the accident occurred, or at any office of the Postal Service or with the Assistant General Counsel, Claims Division of the Postal Service. As there is no evidence that such administrative procedures were followed, plaintiffs are barred from proceeding under a tort theory.

13

## CONCLUSION

For all the reasons stated above, defendants' motion to dismiss Count I and II is granted. This case is hereby terminated, and all other pending motions are deemed moot by this order. This is a final and appealable order. It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: November 6, 2001